Andrew O. Smith, Esq., SBN 217538
Brian P. Suba, Esq., SBN 276526
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 West Century Boulevard, Suite 1100
Los Angeles, California  90045
Tel:  (310) 649-5772
Fax:  (310) 649-5777
Email:  asmith@pettitkohn.com
        bsuba@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANA NIETO,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC. and DOES 1 to 25, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-1786<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441(a) and (b)**<br><br>Courtroom:<br>District Judge:<br>Magistrate Judge:<br>Complaint Filed: November 15, 2021<br>Trial Date:  January 20, 2023 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

   PLEASE TAKE NOTICE that Defendant WALMART INC. ("Walmart"), by and through its counsel, hereby removes the above-entitled action filed by Plaintiff LILIANA NIETO ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, Case No. 21ACVC00918, to the United States District Court, Central District of California, pursuant to 28 U.S.C. section 1441, and respectfully alleges as follows:

   1.   On November 15, 2021, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled *Liliana Nieto v. Walmart Inc., and DOES 1 to 25, inclusive*, Case No. 21ACVC00918 ("the State Action").  A copy of the Complaint filed in the State Action is attached hereto as **Exhibit "1."**

2. Walmart was served with a copy of the Complaint filed in the State Action and a Summons from the state court on December 13, 2021. A copy of the Summons with the Proof of Service is attached hereto as **Exhibit "2."**

3. On January 12, 2022, Walmart timely filed its Answer to Plaintiff's Complaint, along with a Demand for Jury Trial in the State Action, attached hereto as **Exhibits "3"** and **"4,"** respectively.

4. Based on a review of the state court file as of February 17, 2022, no other Defendant has been served with any summons or complaint in the State Action.

5. Plaintiff's Complaint purports to assert causes of action based in premises liability and negligence. Plaintiff's Complaint seeks to recover damages for lost wages, loss of earning capacity, hospital and medical expenses, past and future medical expenses, and past and future general damages.

### DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332 (A)

4. This Court has jurisdiction over this matter under 28 U.S.C. section 1332(a)(1) because there is complete diversity as the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. sections 1441 (a) and (b).

    **a.    Plaintiff is a Citizen of California**

5. Plaintiff is domiciled in and is presently a citizen of the State of California. On or about February 17, 2022, Plaintiff responded to Walmart's Form Interrogatories (Set One) verifying that she is domiciled in the State of California, and thus a present citizen of California. Plaintiff was born in Sun Valley, California and has lived in Palmdale, California from September 25, 2015 to February 2, 2021 and Rosamond, California from February 2, 2021 to the present. Plaintiff is currently employed by Kaiser Permanente in Woodland Hills, California. Moreover, Plaintiff attended school in California from September 2000

///

through August 2004.  Attached hereto as **Exhibit "5"** is Plaintiff's verified Responses to Walmart's Form Interrogatories (Set One) (see 5:7-6:15).

    **b.**  **Plaintiff Claims Damages in Excess of $75,000**

    8.  Plaintiff claims approximately $100,000 in general damages.  Attached hereto as **Exhibit "6"** is Plaintiff's Statement of Damages.  As result of the incident, Plaintiff claims she sustained a significant orthopedic injury and has accrued approximately $110,492 in past medical specials.  (See **Exhibit "5,"** 10:15-11:3, 11-14-16.)  The nature of Plaintiff's full damages has yet to be discovered as Plaintiff's medical treatment is ongoing and Plaintiff has yet to be deposed. Plaintiff further claims future medical expenses totaling over $75,000 including a recommendation for knee surgery and various pain management treatment.  (See **Exhibit "5,"** 12:2-13:1.)  Accordingly, the amount in controversy, exclusive of costs and interests, certainly exceeds the minimum requirement required for diversity jurisdiction under 28 U.S.C. section 1332(a).

    **c.**  **Walmart is a Citizen of Delaware**

    9.  Walmart is a citizen of Delaware where it is incorporated, and of Arkansas, where it holds its principal place of business (in Bentonville, Arkansas). Copies of Walmart's corporate information from the California Secretary of State Business Search and the Arkansas Secretary of Business/Commercial Services are attached hereto as **Exhibits "7"** and **"8,"** respectively.

    10.  Because the State Action is pending in the Superior Court of California in and for the County of Los Angeles, removal of this action to this District Court is proper under 28 U.S.C. section 1441(a).

    11.  Removal is timely under 28 U.S.C. section 1446(b) because this Notice of Removal is filed within 30 days of Walmart receiving notification from Plaintiff's discovery responses that she was a citizen of the State of California and that the total amount in controversy exceeds the jurisdictional requirements of $75,000, exclusive of costs and interests.  It was not until Plaintiff served her

1 discovery responses concerning the nature and extent of her injuries and confirming her citizenship in the State of California, that Walmart learned this matter exceeded the jurisdictional requirements for diversity jurisdiction under the Federal Rules of Civil Procedure.

12. Written notice of the filing of this Notice of Removal will be promptly served on Plaintiff. The Notice of Interested Parties, with a true and correct copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles as soon as practicable.

**WHEREFORE**, Walmart requests that the above-entitled action be removed from the Superior Court of the State of California, County of Los Angeles to the United States District Court.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: March 17, 2022      By /s/ Brian P. Suba, Esq.
Andrew O. Smith, Esq.
Brian P. Suba, Esq.
Attorneys for Defendant
**WALMART INC.**
asmith@pettitkohn.com
bsuba@pettitkohn.com